UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | Civil Action No. C-1-01-116 |
| | : | (Judge Beckwith) |
| Plaintiff | : | |
| v. | : | |
| STEPHEN G. DONAHUE, and DONAHUE SECURITIES, INC., | : | JOINT STATUS REPORT |
| Defendants | : | |

Come now plaintiff United States Securities and Exchange Commission (the "SEC"), Michael R. Barrett as the Receiver (the "Receiver") for defendant Stephen G. Donahue (the "Donahue") and Douglas L. Lutz as substituted trustee of Donahue Securities, Inc. ("DSI"), S.G. Donahue & Company, Inc. pursuant to the Federal Securities Investor Protection Act (the "SIPC Trustee") and pursuant to the Order dated October 3, 2003 for a joint status report (document 95) submit this joint status report.

Report by the SEC:

In its February 26, 2001 Order of Permanent Injunction Against Stephen G. Donahue, the Court ordered Donahue to disgorge all ill-gotten gains received by him as a result of the conduct alleged in the Commission's Complaint. The Court also ordered that the imposition of civil penalties against Donahue may be appropriate. The Order of Permanent Injunction stated that the Court would set the specific amounts of disgorgement and penalties in a separate hearing upon due notice and motion by the Commission. The Commission has waited for the Receiver over Donahue and the SIPC Trustee over Donahue Securities Inc. to wrap up their marshalling and managing of Donahue's assets prior to moving the Court to set these amounts. The Commission expects to move the Court for such a hearing within approximately ninety days.

In its February 26, 2001 Order of Preliminary Injunction Against Donahue Securities Inc., the Court entered a preliminary injunction against DSI enjoining it from violating the federal securities laws.

Simultaneously with its motion for a hearing to set disgorgement and civil penalties, the Commission expects to move the Court to either enter an Order of Permanent Injunction against DSI or dismiss the proceedings against DSI.

### Report by the Receiver

The former residence of Mr. Donahue at 6006 Gaines Road, Cincinnati, Ohio is in the process of being sold pursuant to the order entered March 31, 2003 (document 88) approving an omnibus settlement between the Receiver, the SIPC Trustee, Linda A. Donahue and Provident Bank (the "Provident Bank Settlement").

The Receiver still has not received an accounting from Provident Bank pursuant to the Provident Bank Settlement despite repeated demand for the same.

The Receiver is continuing to litigate two mechanics lien claims pending in the Court of Common Pleas for Clermont County, Ohio in case number 2003 CVH 00192 styled Gulley Log Homes, Inc., et al., plaintiffs versus Linda A. Donahue, et al., defendants. Trial to a jury is set for January 21, 2004. The total demand by plaintiffs is $28,252 plus 10% interest from at least March 1, 2001. The liens have been bonded off. The Receiver hopes that the claims can be settled before trial.

### Report by the SIPC Trustee

The SIPC Trustee has now resolved all claims filed by former customers. There has been no resolution of general unsecured claims because there is presently no ability to repay any such claims. The SIPC Trustee has received over $8 million in advances from SIPC to pay customer claims and expenses of administration and SIPC is entitled to reimbursement of such advances prior to any distribution to general creditors. Therefore, processing claims of general creditors would be premature and perhaps futile.

Currently, the SIPC Trustee is prosecuting claims against (1) the former auditors of DSI, (2) former employees, (3) an insurer, (4) a former contract or who performed services for the

SIPC Trustee and (5) a former employee of SIPC. It is believed that these actions will continue for an indeterminate period since they have not yet been set for trial.

It is the position of the SIPC Trustee that all, or practically all, of the funds held by the Receiver should be distributed to the SIPC Trustee because they can be directly traced to funds stolen by Mr. Donahue.

The SEC, the Receiver and the SIPC Trustee respectfully request this action be set for further joint status report on February 2, 2004.

Respectfully submitted,

/s/ Anne C. McKinley
Anne C. McKinley
Attorney for Plaintiff U.S. Securities
   and Exchange Commission
Midwest Regional Office
175 West Jackson Boulevard
Suite 900
Chicago, IL 60604

/s/ Richard Boydston
Richard Boydston (22360)
Attorney for Michael R. Barrett,
   Receiver
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 762-6202
(513) 762-6245 (fax)
rboydston@ulmer.com

/s/ Gerald L. Baldwin
Gerald L. Baldwin (15635)
Attorney for the SIPC Trustee
Frost Brown Todd, LLC
2500 PNC Center
201 E. Fifth Street
Cincinnati, Ohio 45202-4182
(513) 651-6948
(513) 651-6981 (fax)
gbaldwin@fbtlaw.com

26950\00001 - 241885.1
10/16/2003 9:31 AM