UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) STEPHEN G. DONAHUE and ) DONAHUE SECURITIES, INC., ) ) Defendants. ) _____) | CASE NO. 1:01-cv-116 Judge Sandra S. Beckwith |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO REINSTATE CASE TO ACTIVE DOCKET**

Plaintiff United States Securities and Exchange Commission ("Commission"), by its attorneys, hereby moves this Court for an Order reinstating this case to the Court's active docket in order for the Commission to file its Motion to Set Amount of Disgorgement, Distribute Receivership Assets and Dismiss Certain Claims and wind up the remaining litigation in this matter. In support of its Motion, the Commission states as follows:

1.      On February 26, 2001, this Court entered an Order permanently enjoining Defendant Stephen G. Donahue ("Donahue") and preliminarily enjoining Defendant Donahue Securities, Inc. ("DSI") from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77(q)(a)], Sections 10(b) and 15(c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b) and 78o(c)] and Rules 10b-5 and 15c1-2 thereunder [17 C.F.R. §240.10b-5 and §240.15c1-2] for misappropriating their customers' funds by representing that the funds would be

invested in a fictitious DSI tax free bond fund. This Order also required Donahue to disgorge his ill-gotten gains, with the specific amount to be set in a separate hearing, and found that the imposition of civil penalties against Donahue may be appropriate.

2. The Court's February 26, 2001 Orders left several items to be determined at a later date, including the amount of Donahue's disgorgement, whether to impose civil penalties against Donahue, whether to impose a permanent injunction, disgorgement and civil penalties against DSI and how to distribute any assets held by the Receiver appointed in this matter.

3. On March 29, 2005, the Court entered an Order administratively closing this case. This Order also granted the parties leave to move to reinstate the case at such time in the future as the parties deem appropriate.

4. The Commission now plans to file a Motion with the Court seeking an Order setting the amount of Defendant Donahue's disgorgement, finding that the amounts collected by the Receiver and Securities Investor Protection Corporation ("SIPC") Trustee fully satisfy Donahue's disgorgement obligation, allowing the Receiver to distribute the assets held in his client trust account and dismissing the Commission's claim for civil penalties against Donahue and all of the Commission's remaining claims against DSI. This Motion would conclude the remaining litigation in this matter.

3

WHEREFORE, the Commission requests that the Court enter an order reinstating this case to its active docket.

Respectfully submitted,

s/ Anne C. McKinley
Anne C. McKinley, IL Bar No. 6270252
One of the Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Dated: August 3, 2005