UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) STEPHEN G. DONAHUE and DONAHUE SECURITIES, INC., ) ) ) Defendants. ) _____) | CASE NO. 1:01-cv-116 Judge Sandra S. Beckwith |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SET AMOUNT OF DISGORGEMENT, DISTRIBUTE RECEIVERSHIP ASSETS AND DISMISS CERTAIN CLAIMS**

Plaintiff United States Securities and Exchange Commission ("Commission"), by its attorneys, hereby moves this Court for an Order setting the amount of Defendant Stephen G. Donahue's ("Donahue") disgorgement, finding that the amounts collected by the Receiver and the Securities Investor Protection Corporation ("SIPC") Trustee fully satisfy Donahue's disgorgement obligation, allowing the Receiver to distribute the assets held in his client trust account and dismissing the Commission's claim for civil penalties against Donahue and all of the Commission's remaining claims against Defendant Donahue Securities, Inc. ("DSI") .  In support of its Motion, the Commission states as follows:

1.  On February 26, 2001, this Court entered an Order permanently enjoining Donahue and preliminarily enjoining DSI from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77(q)(a)], Sections 10(b) and 15(c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b) and

78o(c)] and Rules 10b-5 and 15c1-2 thereunder [17 C.F.R. §240.10b-5 and §240.15c1-2] for misappropriating their customers' funds by representing that the funds would be invested in a fictitious DSI tax free bond fund. This Order also required Donahue to disgorge his ill-gotten gains, with the specific amount to be set in a separate hearing, and found that the imposition of civil penalties against Donahue may be appropriate.

2. Also on February 26, 2001, the Court entered an Order providing for the appointment of a SIPC Trustee over DSI. [SIPC v. Donahue Securities, Inc., Case No. 1:01-cv-117]. On March 6, 2001, the Court appointed Douglas S. Tripp, Esq. of Frost, Brown, Todd as the SIPC Trustee.[1] At this time, SIPC removed the case to the U.S. Bankruptcy Court for the Southern District of Ohio. [In re Donahue Securities, Inc. and SG Donahue & Company, Inc., Debtors, Case No. 1:01-ap-1027]

3. On March 6, 2001, the Court also appointed Michael R. Barrett, Esq. as the Receiver over Donahue and his other company, SG Donahue & Company, Inc. ("SG Donahue").

4. Since their appointments, both the SIPC Trustee and the Receiver have marshaled all of Donahue, SG Donahue and DSI's assets. The SIPC Trustee also ceased DSI's business operations and withdrew its registration with the Commission as a broker-dealer.

5. Through the liquidation of Donahue's personal assets, the Receiver collected approximately $1,427,959. After settling with certain of Donahue's lien-holders and collecting the Receiver and his counsel's fees through December 2003 as

---

[1] On May 16, 2002, the Bankruptcy Court entered an order substituting Douglas L. Lutz as the new SIPC Trustee.

approved by this Court, the Receiver currently holds approximately $927,675 in his trust account.[2]

6. Through the liquidation of DSI and SG Donahue, the SIPC Trustee collected $3,641,883.37 in assets from DSI and SG Donahue.

7. During his review of DSI's client files and records, the SIPC Trustee determined that over the course of Donahue's fraud, investors actually invested more than $10 million in the fictitious DSI tax free bond fund that is the subject of the Commission's Complaint. Prior to the filing of the Commission's Complaint, Donahue redeemed some of the funds invested. Thus, as of the time the Commission filed its Complaint, Donahue owed money to 133 investors and was unjustly enriched by $4,894,108.77.

8. During 2002 and 2003, SIPC paid $4,113,443.70 to resolve the claims of 50 investors who made claims for actual investments of funds in the fictitious DSI tax free bond fund, which SIPC designated as "cash claims" under the Securities Investor Protection Act ("SIPA").

9. During this same time period, SIPC denied the claims of, among others, 64 investors in the fictitious DSI tax free bond fund who made claims for repayment of $780,665.07 in promised surrender charges for not being "cash claims."

10. In January 2003, SIPC received a default judgment against Donahue in the Bankruptcy Court for $7 million as repayment of SIPC's expenses and the money SIPC paid to satisfy investor claims.

---

[2] The Receiver estimates that his and his counsel's remaining fees and expenses to wind up this matter will total approximately $15,500.

11. In December 2004, the Commission and SIPC reached a tentative agreement for distribution of the funds collected and held by the Receiver in this matter. Specifically, the Commission proposed and SIPC accepted a *pro rata* distribution of the remaining funds between SIPC and the 64 investors whose claims for repayment of promised surrender charges were denied by SIPC. Under this distribution, SIPC would receive a *pro rata* share of the shortfall between the money it collected and the money it paid to certain investors in the DSI tax free bond fund ($471,560.33) which would total approximately $344,446 after payment of the Receiver's remaining fees and expenses. The remaining unpaid investors in the DSI tax free bond fund would receive approximately $570,228 after payment of the Receiver's remaining fees and expenses as repayment for the $780,665.07 in unpaid surrender charges. SIPC further agreed that if it recovers more than the amount of its $7 million judgment against Donahue through other pending and proposed litigation in the Bankruptcy Court, SIPC will distribute back to investors any money that it receives through the *pro rata* distribution in this case.

WHEREFORE, for the reasons stated herein and in the Memorandum in Support of this Motion, the Commission requests that the Court enter an order: 1) requiring Donahue to pay disgorgement in the amount of $4,894,108.77; 2) finding that the amounts previously collected by the Receiver and the SIPC Trustee fully satisfy Donahue's disgorgement obligation; 3) authorizing the Receiver to distribute the funds in his trust account, after payment of his remaining fees and expenses, *pro rata* between the remaining unpaid investors and SIPC; 4) dismissing the Commission's claims for civil penalties against Donahue; and 5) dismissing all remaining claims against DSI.

Respectfully submitted,

s/ Anne C. McKinley
Anne C. McKinley, IL Bar No. 6270252
One of the Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Dated:  August 3, 2005