EXHIBIT 1



Home | Previous Page

**U.S. Securities and Exchange Commission**

**UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION**

**SECURITIES EXCHANGE ACT OF 1934
RELEASE NO. 44578 / July 19, 2001**

**INVESTMENT ADVISERS ACT OF 1940
RELEASE NO. 1951 / July 19, 2001**

**ADMINISTRATIVE PROCEEDING
FILE NO. 3-10536**

| | |
|---|---|
| In the Matter of<br><br>STEPHEN G. DONAHUE,<br><br>Respondent. | ORDER INSTITUTING PROCEEDINGS, MAKING FINDINGS AND IMPOSING REMEDIAL SANCTIONS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SECTION 203(f) OF THE INVESTMENT ADVISERS ACT OF 1940 |

I.

The Securities and Exchange Commission ("Commission") deems it appropriate in the public interest that public administrative proceedings be instituted against Stephen G. Donahue ("Donahue") pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act").

II.

In anticipation of the institution of these proceedings, Donahue has submitted an Offer of Settlement ("Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the Commission's findings contained herein, except as to the Commission's jurisdiction over the respondent and over the subject matter of the

EXHIBIT I

proceeding and as to the Commission's findings set forth in Paragraphs III.A., III.B. and III.C., which are admitted, Donahue consents to the entry of this Order Instituting Proceedings, Making Findings and Imposing Remedial Sanctions Pursuant to Section 15(b) of the Securities Exchange Act of 1934 and Section 203(f) of the Investment Advisers Act of 1940 ("Order").

Accordingly, IT IS HEREBY ORDERED that proceedings pursuant to Section 15(b) of the Exchange Act and Section 203(f) of the Advisers Act be and hereby are instituted.

On the basis of this Order and Donahue's Offer, the Commission finds that:

A. Donahue was the president, a registered representative and a person associated with Donahue Securities Inc. ("DSI"), a broker-dealer registered with the Commission from 1989 through the present and an investment adviser registered with the Commission from 1992 through the present.

B. Donahue was the president and a person associated with SG Donahue & Company, Inc. ("SG Donahue"), an investment adviser registered with the Commission from 1996 through January 2001.

C. On February 26, 2001, in the case of SEC *v. Stephen G. Donahue and Donahue Securities Inc., (Civil* Action No. C-1-01-116), the Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, Western Division at Cincinnati, entered an Order of Permanent Injunction against Donahue, pursuant to his consent and without Donahue admitting or denying the allegations in the Commission's Complaint, enjoining Donahue from violating Section 17(a) of the Securities Act of 1933, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and aiding and abetting violations of Section 15(c) of the Exchange Act and Rule 15c1-2 thereunder. The Order also froze Donahue's assets, ordered the appointment of a receiver over Donahue's assets and ordered Donahue to, among other things, pay disgorgement and pay a civil penalty, if any, in amounts to be determined by the Court.

D. In its Complaint, the Commission alleged that from approximately 1989 through February 2001, Donahue misappropriated at least $6 million from approximately 200 to 250 investors who were his brokerage customers. The Complaint also alleged that Donahue first represented to the investors that he would invest their money in a DSI money market fund, and later in the scheme, in a DSI tax free bond fund, both of which would purportedly pay interest ranging from 5% to 6%. The Complaint also alleged that neither the DSI money market fund nor the DSI tax free bond fund existed and that Donahue knew that neither fund existed. The Complaint also alleged that Donahue obtained checks from the investors purportedly to invest in the fictitious funds. However, the Complaint alleged, Donahue used the investors' money for both business and personal expenses instead of investing the investors' money as represented. For example, the Complaint alleged that Donahue used the investors' money to: pay his

EXHIBIT I

personal taxes; buy a condominium in Florida; renovate the condominium; buy a vacant lot and building supplies for a personal home; and open a brokerage account and purchase mutual funds in Donahue's own name. Finally, the Complaint also alleged that Donahue used investor funds to fund the business operations of DSI and SG Donahue.

IV.

In light of the foregoing, it is in the public interest to impose the sanctions specified in the Offer submitted by Donahue.

Accordingly, IT IS HEREBY ORDERED that Stephen G. Donahue be, and hereby is, barred from association with any broker, dealer or investment adviser.

By the Commission.

Jonathan G. Katz
Secretary

[http://www.sec.gov/litigation/admin/34-44578.htm](http://www.sec.gov/litigation/admin/34-44578.htm)

Home | Previous Page                                             Modified: 07/23/2001