

**UNITED STATES**  
**SECURITIES AND EXCHANGE COMMISSION**  
MIDWEST REGIONAL OFFICE  
175 WEST JACKSON BOULEVARD, SUITE 900  
CHICAGO, IL 60604

Exhibit 3

ANNE C. MCKINLEY  
BRANCH CHIEF  
DIVISION OF ENFORCEMENT

TELEPHONE: (312) 886-1588  
FACSIMILE: (312) 353–7398

November 3, 2004

**Via Facsimile and U.S. Mail**  
Richard Boydston, Esq.  
Greenebaum Doll & McDonald PLLC  
255 East 5th Street #2800  
Cincinnati, OH 45202-4728  
FAX: 513-762-7963

**Via Facsimile and U.S. Mail**  
Gerald L. Baldwin, Esq.  
Frost Brown Todd LLC  
2200 PNC Center  
201 East Fifth Street  
Cincinnati, Ohio 45202  
FAX: 513-651-6981

      Re:    U.S. Securities and Exchange Commission v. Stephen G. Donahue and Donahue Securities, Inc.; Case No. C-1-01-116

Dear Messrs. Boydston and Baldwin:

      As we discussed on October 13, 2004, the staff of the Midwest Regional Office (MRO) plans to recommend to the Commission that we ask the Court in the above matter to set the amount of Stephen Donahue's disgorgement as $4,894,108.77. At the same time, we also plan to request that the Court order the $895,000 left in the Receiver's trust account to be distributed *pro rata* between SIPC (based on the shortfall between the money SIPC collected from Donahue, Donahue Securities Inc. (DSI) and related corporations and the money SIPC paid to investors in the tax free bond fund) and the investors who have outstanding claims for repayment of their promised surrender charges. Based on our calculations, SIPC collected $3,641,883.37 from Donahue, DSI and related corporations and paid $4,113,443.70 to tax free bond fund investors. The shortfall between these two amounts is $471,560.33. The total outstanding investor claims for unpaid surrender charges total $780,665.07. Thus, the *pro rata* distribution of the funds left in the Receiver's trust account would provide SIPC with $337,037.16 and the surrender charge investors with $557,962.84. In making this recommendation, however, the staff considers SIPC's receipt of funds through this proposed distribution to be subject to the following caveat: if SIPC recovers more than the amount of its $7 million judgment against Donahue through its other pending and proposed litigation, the Commission would expect SIPC to distribute back to investors any money it receives through the proposed distribution in this matter.

      I understand that SIPC has agreed in principle to this proposal.  If this is the case, please let me know in writing.  In addition, please be aware that this proposal represents what we will recommend to the Commission and that any recommendation we make to the Court is contingent upon the Commission's approval.  If you have any questions, please contact me at (312) 886-1588.

      Very truly yours,

      s/ Anne C. McKinley
      Anne C. McKinley